v. Sharif v. Gillie, Mr. Murphy. Mr. Chief Justice, and may it please the Court, given resource constraints, Ohio law has always authorized its Attorney General to appoint special counsel to undertake the Attorney General's duty of representing the State in the courts. While the Attorney General may appoint general deputies today, special counsel remain integral to the office. For example, the office has only 15 assistant attorneys general dedicated to collecting the billions of dollars of State debts scattered across all 88 Ohio counties. The office necessarily must rely on special counsel to be the front-line lawyers to collect these debts, yet the Sixth Circuit in this case held both, that special counsel are not Attorney General officers and may not use Attorney General letterhead without risking liability under the Fair Debt Collection Practices Act. That was mistaken for two basic reasons. First, special counsel are State officers under that Act, and so they fall within the government exemption designed to protect government operations. And second, special counsel's use of Attorney General letterhead accurately conveyed their relationship to the office and furthered the purposes of the Act by putting the credibility of the office on the line and giving it a powerful incentive to monitor special counsel when they collect these debts. So I'd like to begin first with the first question presented, the officer question. And the briefs have gone back and forth on what officer can mean historically and on what it should mean for the Act. I think what it should mean for the Act is that the broadest conceivable definition should apply precisely because this provision is designed to protect government  Ginsburg-McCarran, Jr. May I ask you about the general structure of the Act? It seems to be in-house collectors are okay, but outside collectors, whether for private or for government, fall under the Act. But do I understand your view correctly that that line doesn't exist for the State that is whether it's an in-house or an out-house collector, they're equally exempt? I agree that I yes, you understand our position correctly. I do not think that the in-house, out-house, outside dichotomy makes sense for purposes of the government exemption. And here's why. The prototypical in the legislative history of the sheriffs and marshals as the prototypical exempt debt collectors for the government, and they are always outside of the private creditors who are the judgment creditors. So there are a core group of outside collectors, the outside of the creditor, that is, who are the prototypical examples. Well, why wouldn't Congress have expressed that more clearly? I mean, that's a big thing that you're saying, that the State debt collectors really ought to be treated very differently, the outside debt collectors, from the private. And on the face of the statute, the private and the State really are treated in exactly the same way. There are two provisions. They read identically to each other. And surely there were very clear ways of taking out the State outside debt collectors. You could have just said State debts aren't debts for purposes of this statute or State outside debt collectors aren't debt collectors for purposes of this statute. And yet Congress did none of those things. Rather, Congress adopted a set of provisions that seem perfectly parallel with respect to State and corporate entities. So I disagree that they're perfectly parallel in these ways. First, I think officer means something different in the government context than it does in the private context. In the private context, as we cite Black's Law Dictionary, the prototypical officer is the President, the CEO, the Treasurer, high-level managers. But that's not true for the government. The prototypical officer can be ministerial officers like police officers or commuter officers. Kagan, I understand the argument that you can read the same term two different ways, but Congress did use the exact same terms. But one's in the private context and one's in the government context, so I think by definition they have to have different meanings. And number two, the inside-outside, you can see that with the creditor, because when the creditor collects, the creditor has to collect in their own name. If you look at the creditor exemption, 6A --"A6A," it says, they're exempt if they collect in their own name. And in fact, when they don't collect in their own name, in-house creditors become debt collectors, showing how the in-house outside was supposed to work for the creditors, when you put your name on the line, the creditor will likely have a repeat relationship with the relevant debtor, and so goodwill was enough to exempt all inside creditors. Sotomayor, you don't see this dichotomy. Sotomayor, what other position does a State call someone an independent contractor, but we treat them as an officer nevertheless, or an employee of someone? We may do it for tax purposes, but we then look at a series of factors to determine whether they're really employees or not. It's hard for you to argue these are employees, correct? Yes, we don't. They're totally without supervision in their actual debt collection, correct? Well, not totally without supervision. I think that they are supervised by our standards and they have to – that's a – Okay. But you're not claiming they're employees. We're not claiming they're employees. So what other situation have we ever in any setting treated someone whom is called an independent contractor an officer of a company, government agency, anything? This is a novel sort of idea that you as a State say this is an independent contractor and now, by law, we're going to deem them an officer. I just think independent contractor asks – the independent contractor employee distinction asks a separate question than the officer. Well, the problem I have is I certainly understand officers, like with corporations. With corporations, officers are defined by their charter of incorporation. These are the officers. These are their responsibilities. It may set an income scale of some sort or tell you which agency within the corporation is going to determine that. And you have officers of State agencies that are defined by law. But I don't know that I've ever seen an officer defined by a contract. Well, so two points. I think the closest analogy would be the common law analogy that the Court referenced in Filarski, which were the special deputy sheriffs. Filarski cited treatises treating special deputy sheriffs, those are sheriffs appointed to undertake the sheriff's duty for a particular task, as officers within the meaning of resisting of officer statutes. Filarski relied on that history in determining why the contractors in that case should be entitled to qualified immunity. So I think that's the prototypical example. And we're not arguing based on the contract. So the second point would be, if we were – if all we had was a contract, we wouldn't be here today. For instance, we have collections associations, they're called third-party vendors, that we only contract with, there's no statute. We do not assert that they are officers or employees covered by this exemption. They just contract with us to help us with our collection activities. But special counts are different. There is a statute, RC 109.08, that clearly indicates that just as historically sheriffs delegated to special deputies, the Attorney General can delegate his sovereign duty to you. Sotomayor, I thought that that was just for tax collection. This is not a tax collection case, is it? I know the Attorney General has read it as giving him more power than what it says on its face. But putting that aside, this is not a tax collection. This is a student debt collection, a consumer debt, correct? That's confusing two points, Your Honor. The statute, I disagree with the reading of the statute that suggests we can't use the letterhead elsewhere. But that's the letterhead question. That's question two. On the first question, whether he can appoint special counsel to undertake his task of representing the State when collecting these debts, there's no distinction between tax debts and other types of debts. He's they he can appoint these individuals to collect any type of debt that is certified to him. And it's the appointment that I think is key to make these individuals special counsel to be officers. Sotomayor, can I ask, when you are trying to fill out what it means for somebody to be an officer, are you looking to the Dictionary Act, are you looking to the common law, are you looking to our cases, are you looking to some combination of the three, or how would you prioritize those? As Hobby Lobby suggested, I think the starting point when something is undefined is the Dictionary Act. So I start there, and then you look for determining what those words mean, the Dictionary Act, I look at the history. Can I ask you then a question about the Dictionary Act, which says an officer includes any person authorized by law to perform the duties of the office? And my question to you is just which one is the office there? I would call it the Office of Special Counsel. The Office of Special Counsel. So just like there's no office of there literally no office of special counsel listed in Ohio law, but there's also no office of Solicitor General. If you look at the Solicitor General statute for the United States, there's no office of Solicitor General. But we know that office exists. So, but, okay, so what does a statute have to do, then, to authorize the person to perform the duties of the office? Usually what the statutes do are what precisely RC 109.08 does. It says a superior can appoint an inferior officer to engage in certain duties, like the SG statute to help the Attorney General engage in his duties. That's exactly what the statute says. RC 109.08 says the Attorney General may appoint special counsel to assist in the or to represent the State in the collections of these debts. So they say it doesn't even list a duty. I think it lists the precise duty that special counsel are to undertake. Kagan. Kagan I guess the question is whether it needs to more authorize an office, you know, a continuing permanent thing, as opposed to, you know, these office holders who come and go, and sometimes there are more of them, and sometimes there are fewer of them, and sometimes they deal with X many cases, and sometimes they deal with Y many cases, and it all seems very fluctuating. I don't think that matters, because I think historically there were plenty of offices that had indefinite numbers. Today, for instance, Assistant U.S. Attorneys have indefinite numbers, and they get their duties from their superiors, obviously, I think, in the same way. And I still think that the special deputy sheriffs are the best historical example, and those sheriffs were considered to be officers within the meaning of resisting of officer statutes precisely because they were trying to protect government functions. And I think that purpose analogy is pretty relevant here as well. The point of this exemption is to protect government operations. And the Attorney General has been relying on special counsel to collect these debts since the time of the Great Depression. Special counsel have always been in the Attorney General's office, but debt-collecting duty has eroded. Sotomayor, so why does your contract require them to comply with the Act? Because we're also the Consumer Protection Branch office, and we want our people complying with the substantive standards of the Act. For instance, everybody agrees that tax debts are not covered by this Act, but we ask them to comply with the substantive standards of the FDCPA for tax debts. It's because we think that those are appropriate standards. What we're concerned about are the remedies and the other remedies against the State. Well, the remedies against special counsel. I think we're concerned. Filarski goes through various public policy reasons. Sotomayor, I'm just talking practical questions. Are you indemnifying? No. No. You're not indemnifying. They are contractually bound to follow the Act, and you're instead trying to give them immunity for their acts, even though they may have breached. We can get to that second question in a moment. Let's assume they breached the Act, just an assumption, don't go crazy. You want to give them immunity for their contractual violation. Well, it would be immunity from the FDCPA. It wouldn't be immunity from other laws that would apply. For instance, they're State officers, so what other laws? Well, for instance, section 1983, I think it's a double-edged sword, right? By becoming State officers, they become subject to 1983. So that would apply. Also State law. We don't give immunity even to me for reckless conduct. Sotomayor, is there any case that you can point me to where they've been charged with a 1983 violation, that you've indemnified them? Well, we wouldn't indemnify them in any circumstances, but there are cases where they've – there is one case that said they were officers within the meaning of 1983. It was in the Southern District of Ohio. I'm sorry, I'm blinking on the name now, but the Sixth Circuit cited it in a footnote. Ginsburg, you mentioned two categories of outside debt collectors for the State. One was the special counsel for whom you're claiming exemption. Then you said there's this other category. How is it determined which kind of debt collector the State is going to use, the one that would be subject to the act and the special counsel who would not? You have to remember that these are lawyers. And how the process works is at JA 124 to 130. And let me just explain it briefly. It starts in-house. In-house employees of the office will send letters from most debts on our own letterhead in an attempt to collect in-house. When that proves unsuccessful, we go to third-party vendors, which are essentially collections associations, which were the historically reason for this act. They're not lawyers. They're collections associations. They send letters and make phone calls, and that's basically what they do. And that's the second step. So most debts will go through this entire process, and so they'll be contacted by both these collections associations. And then the third step is special counsel. And the reason why special counsel are generally the third step is because that's when litigation becomes a distinct possibility. So you need lawyers, and that's what special counsel are here to do, which is, you know, continue to send letters, and that's no doubt true, but then they might bring legal options on the table. They bring thousands of suits, as the two special counsel that are involved in this suit have done. So that's generally how the process works. And we've never contested that the collectors associations are officers within the meaning of the act, and I think that gets back to the point that our position is not that all people collecting debts on behalf of the government are exempt. Our position is officers are, and so what does officers mean? And there I think you should interpret that broadly, because the purpose of that is not to interfere with government operations. And I think this would interfere with our operations in the way the office has long collected the billions of dollars of State debts that it is required via statute to collect. And getting back to the substantive standards, I do think that Filarski has full application here for why he decided qualified immunity was appropriate in the 1983 context. I think the special counsel and the attorney general's staff work closely together, but then special counsel would be the ones left holding the bag because there's no dispute that the attorney general's staff are exempt. And so that would pull in the Filarski point about maybe it will deter the talented individuals from collecting. Everybody agrees that these are vital government operations. They're vital to the fiscal health of the State, and that was a factor that Filarski relied on. And then I think the third factor that Filarski relied on was just the distracting nature of damages suits against the States. And I think this, again, is Exhibit A, because imagine what will happen if this case goes to trial. It's not just going to involve special counsel. It will involve our staff who have to respond to discovery and will likely have to testify about how the operations work. So when they're so closely connected in that way, I do think that it makes sense for the exemption to be interpreted with its purposes in mind. And when you look at the purposes and look what will happen if this case proceeds, I think that's a good indication that these people are officers. And I think they easily fall within the historical definition of officers. The special deputy sheriffs, I think, is the most analogous example, and there's plenty of cases that have treated them as officers. Sotomayor, could you tell me what the definition is of officers? Give me the definition. What's your definition? Your definition seems to be tailored to this category. But tell me how what your general definition is. So it would be the Dictionary Act authorized by law to perform the duties of the office. And unlike collections associations where there's no authorization for the attorney general to appoint collections associations, there is a law that specifically authorizes us to appoint special counsel. Does the law not authorize you to hire special colleges? Well, there's just our general ability to contract to perform our services. All right. So how is this different from that? Because there's a specific statute that expressly delegates the attorney general's duty of debt collection to special counsel. It's analogous to many laws that suggest the way an office position is created is superior, appointing, and inferior. The law in Hartwell that created the office of the clerk, called the clerk an officer, just said assistant treasurers can appoint the clerk. How do you distinguish Germain, Mr. Murphy? Because that seems a very similar kind of setup to your own. There is a statute that allows a superior to appoint some people, but those contractors are sometimes there are more, sometimes there are fewer. The duties aren't precisely defined, and the court there says that's not an officer, notwithstanding the statute. So I would distinguish Germain in several of their cases, both legally and factually. So start legally. There's no dispute that Germain was a constitutional case. It was interpreting the meaning of the Appointments Clause. And this Court has said that when Congress uses the word officer, it can easily use it in a broader sense than in the narrow constitutional meaning. The Court said this in Steele when it said that prohibition agents were officers within the meaning of a statute that only allowed officers to execute search warrants. And it said this in the Marr when it said Congress were officers. So the Court has repeatedly said that Congress can use the word officer in a way that we can't. Kagan. Kagan. So that's to say that we take these cases, whether it's Germain or on your side, Hartwell, and we just put them in a different box. Exactly. So we always caveated Hartwell by saying it was a constitutional officer cases. But if they are a constitutional officer, I think by definition you should think that they are a statutory officer. And factually, I do think that the surgeon in Germain was much more like the or the surgeon in Germain was much more like the collection association than the Special Counsel themselves, and let me explain why. In Germain, the relevant office was the Office of Pension Commissioners, and his job was to dole out pensions to appropriate parties. And so that was the official duty. And the surgeon, all he did was assist in helping with the duty. But when somebody else has actually delegated that duty, like a tax collector delegates to a deputy collector of customs, the delegation of the duty, it makes all the distinction in the world. And Offmord is on the same basis. It was a merchant appraiser, and the merchant appraiser was held not to be an officer in the customs office, because they weren't actually going out and collecting the relevant customs. They were just helping the collector of customs. But Steele also makes quite clear that deputy collectors of customs would be officers, because that's a situation where the superior officer is actually delegating his authority to the inferior officer. They are the deputy. And I think that's the symmetry that matters here. Kagan.  Kagan. If I understood you correctly, that seems an odd line to draw. It's the difference between delegating all of your authority and delegating part of your authority? No. What is the authority? The authority of the attorney general's office and the authority of the tax collector is to represent the State in the court and to bind the State and to bind the third party in the court. Collections associations cannot do that. Special counsel absolutely do. That's their main job. And so it's just as, for instance, assistant U.S. attorneys would be considered officers, because when they stand up in court, they are representing the United States, because the statute allows the AG to delegate those official duties to the deputy. Kennedy. Could you, Mr. Murphy, address the second point, whether this is misleading? Sure. And I don't for – I'll start at a high level and then get into the specifics. And in the course of that, the statute says that you cannot falsely represent a document to be issued by. And if you could address that part of the statute. Sure. I'll start there. We think this is issued by the Attorney General's office when special counsel send the letter. The official meaning of issue is to distribute in an official capacity. When they send these letters, they are distributing them in their official capacity as special counsel to the Attorney General. And so it's fully appropriate for the office to be listed at the top in those circumstances. I would draw, I guess, the analogy to clerk or courts. Courts issue subpoenas all the time through private attorneys nowadays, that the clerk of the court doesn't actually sign the subpoena anymore, but it has the name of the court at the top, and a private attorney is authorized to issue that subpoena. So I think that analogy is – this case is an easier case, it seems to me, because we think special counsel have a strong relationship to the Attorney General's office, but the very fact that a private attorney can issue a court subpoena suggests that entities can issue things through people other than independent – other than employees. What about the other provision that is allegedly violated, the one that prescribes use of any business or organization's name other than the true name of the debt collector's business or organization? It's essentially the same logic. This strikes me as their true name when they are special counsel to the Attorney General. The Attorney General is their true name. It's their true name because it distinguishes them when they are acting as special counsel for the Attorney General and when they are acting as private counsel for some private credit. Kennedy, when they signed their name at the bottom and gave their law firm name, was that necessary? It was. As a technical matter, it's necessary because the money gets sent to them, so they have to check. Necessary for compliance with the Act. Oh. I mean, it clarifies the relationship even more. It might be perhaps a closer question if they hadn't, but if they had just said special counsel, I would say as a technical matter it's necessary because how it works is when special counsel are assigned cases and individuals send them checks, they send them to their address, so we kind of have to. Breyer, what about the only recipient would think at the least the letter was authorized by the Attorney General, but the statute says the special counsel can use the letterhead stationary only in connection with tax collection, doesn't it? It says here, it says the special counsel should use the letterhead stationary, but only in connection with the collection of such claims arising out of those taxes. So this isn't a tax debt. So he gets the letter, and he thinks maybe at least the letter is an authorized letter, but it isn't an authorized letter because the statute says you can't authorize him to do it. Well, we disagree with that view of the statute. We think that the statute sets the first part of the statute says they shall use this letterhead, and then the second said, but only in. We interpret that statute, not just this Attorney General, but several other Attorney Generals have interpreted this statute only to require it in those tax contexts and to leave it to the Attorney General in other contexts. And they haven't challenged that. At JA 114 to 115, they categorically deny it. And I think this turns a virtue into a vice, by the way. When they put our letterhead on there, it shows to consumers that they can actually call with concerns, if they have concerns with special counsel or if they have concerns with the debts. But if there's no further questions, I'd like to reserve the remainder of my time for rebuttal. Roberts Thank you, counsel. Mr. Rosenkranz. Rosenkranz, thank you, Mr. Chief Justice, and may it please the Court. Your Honors, both questions presented really revolve around a single point. Private debt collectors retained as independent counsel for or by a State Attorney General are not State officers. They are not the Attorney General. They are not from his office. And they cannot legally hold themselves as being from his office. When the consumer sees letterhead that says, Office of the Attorney General, she thinks the letter comes from within that office, not from a professional debt collector with a personal financial stake in the outcome of the ensuing conversation. Congress saw the distinction, and as two of the questions from the Court suggested from Justice Ginsburg and Justice Kagan, the Act is actually built around this fundamental distinction. It's in the overarching definition of debt collector, which defines the Act's coverage as, quote, any person who regularly collects debts owed another. And then it's in each of the two provisions that have gotten a lot of focus from General Garbaut's. One says that the Act does not cover any officer or employee of a private business. The other says the Act doesn't cover any officer or employee of a State. Roberts, if I could just clarify, there may be two separate questions. That may be part of your answer. But are these officers under State law, whether they are under the Debt Collection Act or not, is a separate question. Is it right that they are properly considered officers under State law because that is how the Attorney General has designated them and views them? Absolutely not, Your Honors. Ohio law is the same as the law that's codified in the Dictionary Act. It's the same law that this Court has adopted in Metcalf. There has to be a permanent and continuing position. It has to be duties that are created by law, not by contract. Roberts, that's not true with respect to qualified immunity. There doesn't have to be a permanent and – I'm sorry, what was the other adject? Permanent and what? Permanent and continuing office. Yes, Your Honor, that's – you are exactly right. Filarski is a qualified immunity case. Filarski did not conclude that the people who got qualified immunity were officers. It concluded that they got qualified immunity even though they were not officers. Just like in common law. Common law provided the posse comitatus, you know, the posses who were deputized, qualified immunity even though they were not officers. And this goes back to whether we are talking about the Dictionary Act definition or the definition at common law, collections special counsel are simply not officers even by designation of the Attorney General. I mean, the Attorney General has done everything humanly possible to divorce these individuals from the State. Let me say one more thing. Well, they authorize – I'm sorry. I think you have recognized, tell me if I'm wrong about this, that the special counsel could send out a dunning letter and the first sentence says in bold face, We write to you as special counsel to the Attorney General who has authorized us to collect a debt you owe to X government agency. That would be perfectly all right. No Attorney General letterhead, but that opening sentence would be okay. We have been authorized by the Attorney General to collect a debt you owe to a State agency. No problem with that. That's correct, Your Honor. And so just to be clear, we're shifting ground now to point 2, which is about whether it's a violation of the statute. And it is a violation of the statute because I think in your hypothetical, Your Honor, the letterhead is the law firm's own letterhead. So it's a violation of the statute in this context because they are using the true name of the Attorney General as their own true name, and in the context that you just described, Your Honor, they are simply referring to who the client is or who it is that has hired them. Well, I really don't see the difference between those two situations. But even to push the point a little bit further, suppose the State created a special seal for the Special Debt Collections Program of the State of Ohio or something like that, and they put that at the top of the letterhead. Would that be a violation of the statute? Again, so now we're talking about the substantive provisions, and I'm happy to shift there. I think it probably would not be. I would have to know a little bit more about what the seal says and whether it conveys to whether we say the program of Special Debt Collection. Oh, Your Honor, I think that would be highly misleading. It would violate the same provisions that we're talking about. So why would it be misleading? What would the recipient of that letter think that the recipient of the letter would not think if that recipient received the letter from the actual office of the Attorney General? So I think the recipient of the letter would think the same thing that the recipient of this letter thinks. So let me just turn to what the recipient of this letter thinks. Just common everyday experience, when you receive a letter that says at the letterhead, office of the Attorney General, you think that the source of the letter is coming from the attorney, from someone within the Attorney General's office. Kagan. Sotomayor, I'm not sure what difference it makes. I mean, it seems to me that a letter like this gives you two kinds of information. One is it says you owe some sum of money to the State, and that's perfectly true. And the other is that the person signing the letter is acting as an agent of the State to collect that sum of money, and that seems perfectly true, too. So, you know, the letterhead is just a way of saying I'm acting as an agent of the State to collect a sum of money owed to the State, and, yes, if you don't pay this sum of money, I'm not going to feel all that good about you. So it's all true. Well, Your Honor, so let's go to the text of the statute, and Congress was very clear about that. The letters use a name other than the, quote, true name of the debt collector who sent this. Well, you can't really be very serious about that, because in Justice Ginsburg's hypothetical, they were using the name of the Attorney General, too. No, Your Honor, not at all. One uses the name in the text, one uses the name in the letterhead, but both are designed to do the exact same thing, which is to say, I'm acting as an agent of the Ohio's Attorney General in order to collect a sum of money owed to the State. Your Honor, they are doing two different things. The statute talks about using the true your own true name, and then what you can't do is use someone else's true name as your own. The statute doesn't prohibit referring to your client or referring to the person who hired you in the text of the letter. That's not using someone else's name that is correctly conveying information. Alito, I thought that Justice Kagan asked you a functional question, and you are responding with a formal answer, and you may win on formal grounds. But if we could go back to the functional point. Let's suppose that I receive two letters. One is a letter, and I owe a debt to the State of Ohio. And one is the letter that was sent in this case. The other is a letter that's identical, except that it is signed by an assistant attorney general of the State of Ohio. Why do I have a different reaction to the former letter as opposed to the latter? Well, Your Honor, my answer is the Attorney General's answer. On pages 416 to 17 and page 334, the Attorney General explains why he and the various debt collectors want to use Attorney General letterhead. And they say it's because, quote, they want to, they want to, quote, get the debtor to prefer the debt with the State over and above his other debts. The Attorney General believes that this letterhead communicates something that letterhead of Wiles Boyle does not. Alito, you're not answering my question. I wasn't asking you to compare the letter that was sent with a letter that makes no reference to the Attorney General of Ohio. I'm asking you to compare a letter that is sent by an assistant attorney general, identical in all other respects to the letter that was sent in this case, with the letter that was sent in this case. Is there a difference in the reaction of the average consumer, the least sophisticated consumer, to those two letters? Yes, Your Honor. I would have a different reaction to those two letters. When I hear from someone who is in the Attorney General's office, I think I am communicating with someone who is a public servant, who is doing his earnest best. Breyer, do they all the time hire people to do different things, who aren't public servants? I mean, why would you think that? I don't know. I think he's a public servant. Do I think he's an officer or a contractor or a no average person has any idea what we're talking about? Well, Your Honor, people react differently, and I would react differently. You might, but what the statute says, it says, here's what it says, literally. The use, it is wrong to use any business company or organization's name other than the true name, right? So Filene's Basement hires Mr. Smith, who is an independent collector, and Mr. Smith writes a letter just what Justice Ginsburg said. It says, Filene's Basement has asked me to write to you to say, will you please pay their debt. Okay? Here. They've used a name other than their own name. The statute doesn't cover that, does it? Of course not. Of course not. Now, in other words, it has to be taken as modified by the first part of this. There has to be something that's false, deceptive, or misleading about it. If you don't interpret it that way, I don't see what it can mean unless it picks up Justice Ginsburg's hypothetical. Your Honor, the reason I said of course not is because referring to someone in the body of the letter is not the same as using their name. It isn't? I have just used their name. I said they hired me. Isn't that using their name? It is not. Now, if that's what the statute meant. In English. I'm not talking about in statutes. No, Your Honor. If that's what the statute meant, then it would mean that you couldn't use the signatory's name either. Of course, it would be ridiculous. And therefore, it isn't to be taken literally, to refer to any use. And I guess in context, it could be taken to mean a misleading use. And if it means a misleading use, I see nothing here misleading, what is it? And if there is nothing here misleading, and it doesn't mean misleading use, and it doesn't mean ordinary English use, what does it mean? Your Honor, the central premise of this statute, as I said at the outset, is to distinguish in-house creditors from outside creditors. Why? Because outside creditors were the ones who were guilty of the worst abuses. Outside creditors were the ones who misled. And Congress was trying to make sure that when the consumer is talking to a debt collector, they knew who they were, precisely because the reputational interests of the Attorney General's office are guarded by people within the Attorney General's office in a way that debt collectors don't necessarily guard the interests of the Attorney General's office. And in in-house creditors. Kagan. I would think that that would be a reason for using the heading, because now the Ohio Attorney General is responsible for all the actions that this debt collector is going to take, and the Ohio Attorney General is going to be more vigilant in policing the actions of that debt collector. You should want that. Well, Your Honor, that may be in some world that may be conceivably true, but it's not necessarily true. I mean, the Petitioners have conceded that when a debt collector does this with IBM's letterhead, it would be a violation, precisely because it's a violation of the law. Why? Why? What? Filene's Basement hires a service, and they say, here are 500 letters, and they all say Filene's Basement. Now, we want you to send out on these letters, letterheads, so they'll know it's us, you see. And you say you're a special representative hired by us to pay the debt. Now, what's wrong with that? I would think it would be let – I mean, what worries me is when you don't have the letterhead, then it could be some scam, you see. But when you do have the letterhead, they're really getting themselves into trouble if it's a scam. And this isn't a scam. Well, Justice Breyer, it gets back to the question you had, the point you made originally when General Murphy was up here. I mean, it can't be that just because you are referring to someone's name in the letterhead, you use their name because Section G talks about the requirement that you actually have to identify the creditor. And in the – the – So identifying the creditor, my point is, if it's the AG's letterhead, or Filene's Basement's letterhead, or Macy's letterhead, if they still exist, if it's the official letterhead of the company, the recipient is more likely, not less likely, to understand what's happening. That's – that – as long as it – yes. You see my point? I see your point. Okay. Then what's the answer to my point? And the answer is Congress made the decision. I know that embedded in your question is the assumption that there is a materiality requirement built into the first provision. That is the first sentence. But Congress articulated a statute that said it is a violation to do any of the following things. And when Congress said it's a violation to do any of the following things, it's not up to the courts to override Congress. I don't think that this is a materiality question. I actually do think that this is just a question of is it false or not. Is there anything false about using the Attorney General's letterhead when you're an agent of the Attorney General? That's the question. Well, so first, just a point of clarification, the Attorney General's contract with these individuals says that they are not an agent. But the direct answer to the question is they're not. Well, they obviously are an agent in all the usual uses of that term. They're acting for the Attorney General in collecting the debt. And the question is, is there anything false about saying by way of the letterhead, I'm acting for the Attorney General? Your Honor, it's totally fine to say I am acting for the Attorney General. You can't do it using the Attorney General. Well, why? If I use my own letterhead, somebody's likely to throw it out before they get to the text because they've never seen this organization before. You know, the letterhead is a good way of really making the point, I am acting for the Attorney General. Your Honor, Congress wanted individuals who were unsophisticated to know who they were dealing with, especially when they were dealing with a professional debt collector who gets a cut of the proceeds. But they're dealing with somebody who's acting for the Attorney General. They are – yes, they are, but they are dealing with someone who's acting for the Attorney General in a context in which Congress was deeply concerned about how those individuals have the wrong incentive structures and will do anything to get their third of the proceeds. Kennedy, but you're making the argument somewhat like the argument that you made in the brief. The debtor gets the letter from the Attorney General and says, oh, the Attorney General, I'm really concerned. They ought to be concerned because the State of Ohio can garnish their tax for the unpaid debt. It's different. They ought to know that it's the State. And you say they don't – for some reason you don't want them to be intimidated because they know it's the State. Your Honor, mind you, the State has a very strong interest. In letting the debtor know that it's the – that it's debt. Your Honor, my main point is that Congress wanted people to know, that is consumers, to know who they're dealing with. But to answer the question, it is simply not true that every debtor is better off paying the State's debt than some other debt. The Attorney General of Ohio does not have many more powers than anyone else has. And if you're choosing between paying – Kennedy, that's for the debtor's decision to make. That's the debtor's decision. Exactly. But the debtor needs to – But you – it seems to me that you – your solution is almost misleading in another direction. Your Honor, there is nothing wrong with the debt collectors saying everything that you've just described as to what could happen just because the State is involved. The truth is the State has very few powers. I mean, they have the power to take your lottery winnings. They have the – I mean, and most debtors actually don't have a lot of lottery winnings. They have the power to take your income tax refund. Most debtors do not expect an income tax refund any time soon. That's it. The State has no additional power, and it is actually misleading to try to convey to these individuals why it is that – excuse me, it's misleading to convey to these individuals that the debt collectors are from within the office. Basically, this argument, as I understand it, maybe you can correct me, is that even a private collector could use the name of Filings Basement because it's not misleading. It's telling the person, assuming they say, I've been hired by Filings Basement to collect your debt on Filings Basement's letterhead and sign it, debt collector X, Y, and Z, under this argument, that would be okay, because it's not misleading. I got confused in the question, but under the – under the question that's been asked of you, that would be the import. Yes, that is correct. And if I understand you correctly, you're saying we make a different judgment than Congress is about the relative weight of how misleading this is, but Congress made this judgment. That is exactly correct, Your Honor. Congress made this judgment. On the very specific terms, the enumerated violations, Congress said it's misleading to do this, and Congress wanted you to do it. I'm sorry. I don't mean to interrupt, but I'm confused about your answer, and maybe the question, or maybe both. Did you say, as I understood the question, you have a letterhead that says Filings Basement, and it's a private collector who's acting on behalf of Filings Basement. Is that misleading? Yes, for exactly the reason that the Attorney General conceded below. The concession was about IBM, but it's the same exact point. Debt collectors are different from the creditors, and Congress wanted people to know with whom they were communicating. Thank you, counsel. Thank you, Your Honor. Ms. Harrington. Thank you, Mr. Chief Justice, and may it please the Court. I'd like to make a couple of points on the first question presented and then try to answer some questions on the second question presented. The FDCPA applies to Ohio's Debt Collection Special Counsel because outside the context of this litigation, Ohio has chosen not to treat them as officers or employees of the State. There's been some discussion in the top half about Ohio Code section 109.08. Excuse me. General Murphy has conceded that that does not create an office of special counsel. Just as a side note, the office of the U.S. Solicitor General is described and duties are given in the Code of Federal Regulation. There's no similar set of regulations that would create an office of special counsel here. But even if you were to assume for the sake of argument that the statute, I'm sorry, authorized the Attorney General to create an office of special counsel and to treat the people that hired a special counsel as officers, it has not done so here. In the retention agreement, the Attorney General has been careful to say that these people are not to be considered employees of the State for any purpose. The agreement not only does not indemnify the special counsel, it requires the special counsel to indemnify the State. It doesn't give them any rights to collect any debts. It gives the Attorney General complete discretion over what debts the special counsel may collect. Roberts. Roberts. Roberts. If you have a special, what you call the prosecutor, special counsel who's appointed from a U.S. Attorney's office, say because the other, the office is recused from a particular matter, just for that one case, does he use, maybe as a factual matter, does he use the letterhead of the U.S. Attorney's office? I don't know in prosecuting cases. When the Federal Government hires outside debt collectors to collect debts owed to the Federal Government, they do not use, those people do not use Federal Government letterhead. What about the States often do this? They hire a special lawyer to prosecute a special case, could be from a firm, or could be a set of cases. Could last a year. Now, are all of the people who do that, who fulfill that job, it's not normally done Federally, could be, I guess, are they officers or not? Well, I think, you know, this Court all the time sees private lawyers who are here representing States, and I don't think that they would be considered officers of the State merely for that. So if Mississippi hires a person to prosecute a murder case, and it's called special counsel for the purpose of prosecuting murder cases for the next year, whatever, they're not officers. Well, I guess my real answer is it's really up to the State, and so you would look at how the State treats those people. Here, if you look at how the State has treated the debt collection special counsel, outside the context of this litigation, it does not treat them as officers or employees. In the retention agreement, the Attorney General has done everything possible to disclaim any inference that these people are part of the State government. But he authorizes use of the seal. He authorizes the use of the letterhead, but that's. Roberts, you said they've done everything possible to separate them from the Attorney General. That seems to be a pretty good effort to connect them to the Attorney General. So here, use our stationery and our letterhead. But that, the use of the letterhead doesn't, isn't giving them any sort of sovereign authority. It doesn't give them any discretion to bind the State. It doesn't create an office. You know, if you have nine special counsel one day and then eight special counsel the next day, you don't think of there being a vacancy in the office of special counsel. Generally, when you have an office, you either have an officer or a vacancy. But here, there's just the Attorney General can hire any number of special counsel. Roberts, I guess my point is simply that authorizing the use of the seal does suggest a connection with the individual doing the debt collection work in the Attorney General. You said there's no way, they've done everything possible to show there's no connection. I can't imagine anything they could do more dramatically to show that there is a connection and say, here, use my letterhead. Well, I think if you look at the retention agreement, what I meant is they've done everything possible in structuring the relationship between the special counsel and the office of Attorney General to make clear that they are not a part of the office. Now, with respect to using the letterhead, I think that's intended to sort of convey a sense of seriousness to the debtors who receive the letters. That's the point that the State has made. Roberts, I think that's the point that the State has made. Well, I suspect it's meant to convey that this person is working for us. This person, I, the Attorney General, think this is somebody who's acting on my behalf. Well, and it's true that outside debt collectors are acting on behalf of the creditors who hire them, but that does not make them part of the creditor organization. You know, I think if you look at the definition of debt collector and the exemptions with respect to private creditors or public creditors, it's clear that Congress intended this statute to apply to independent contractors. But it also intended to allow creditors, whether private or public, to use their own in-house people without being subject to the requirements of the Act. And so it's really totally up to the State. If it's going to use its inside people, then it doesn't have to comply with the FDCPA. But when it hires outside third-party contractors, it does. If I could just address what Justice Breyer was asking about the use of your true name. I think if you filled out a form that asked for your name and then said, have you ever used any other name, you would take that to mean as your own name. And so I think that's the sense in which the statute means the use of another name. There's generally a use of a different name. Breyer, this isn't that. Nobody thinks this person is the Attorney General of the State. The reason that's underlying disturbing me is there is a pretty well-known scam where people get phone calls from a person who identifies himself as somehow connected with the IRS, and you better send them $300 or $3,000 immediately to a certain post office box, or you might find yourself in jail. Okay? Now, that's a scam. And if you get a letter out of the blue by somebody purporting to be an official person, and there's nothing on the letterhead that suggests that you are such, you might well think, if you've at least had the experience I'm talking about, that this is a scam. And so what the purpose of this letterhead does is it is some indication to the recipient that it's not a scam. And the rest of the letter makes clear precisely what it is. So what I fail to see is anything at all misleading, indeed to the contrary, in respect to using a letterhead. And if there is nothing misleading at all about it, I think I could interpret this statute that requires the contrary requirement in some form or other. Well, so I disagree that there's nothing misleading about it. I think it gives the impression that the letter was issued by the office of the Attorney General, because there's a convention that when you use a letterhead, that's signaling who the sender of the letter is. A law firm would never send a letter using its client's letterhead, because that would give the wrong impression about who's sending the letter. Why is it not sent by the Attorney General in the sense that Filene's Basement gives 500 pieces of stationery to a debt collector and says, send them on this stationery. I want people to know it comes from us. Well, that would be a violation of the Act, too, if the debt collectors were outside independent contractors. My goodness, then what we're going to have is all, in other words, it's in your interpretation of this law, a piece of stationery that tends to indicate that the debt is the debt collector is indeed speaking for whom he purports to speak for. Anything that indicates that in the view of the government violates this statute. I'd worry about it just as a practical matter, because I think that might lead to more scams rather than fewer. I don't believe that's our view of the statute. I think the, you know, the FDCPA is premised on separating the creditor from outside third-party debt collectors, and so a debt collector has to be clear that he is not the creditor. And so when they use the creditor's letterhead that gives a false impression, if they're worried that they're not going to be taken seriously, they can include with the letter a separate letter from their, from the creditor, from the Attorney General, saying we authorized this person. It's not being taken seriously. It's the false impression that we want the true impression that this comes from the person to whom you owe the debt. So you could include a separate piece of paper that verifies that if you're concerned  Breyer, the simple way to do that is send it on the stationery of that person. But Congress has made a determination that you can't give a misimpression. I don't see anything here that says you cannot send it on a letterhead of the person for whom you owe the debt. I just don't see that written here. Well, what Congress said is you can't give a misimpression as to who has issued the letter. Misimpression. And the misimpression is? The misimpression is that the Attorney General's office has issued the letter. And remember, the only reason we're getting to the second question presented is if the special counsel or officers are not, are not officers or employees. Suppose that the special counsel prepares a letter, just like the letter that was issued in this, letters issued in this case, but before they send it, they take it to the Attorney General's office, they show it to somebody there, and they say, do you authorize me to send this? And the person says, yes, you're authorized to send it. Would it be misleading under those circumstances? It would, because it would still give the impression that it was issued by the office of the Attorney General. And if it's sent by the third-party outside debt collector, then it's not issued by the office of the Attorney General. Even though it's approved? Suppose that they take it to General DeWine, and they say, General, I'd like to send this. Am I authorized to send it? He says, yes, that's fine. That's still misleading? That's because in section, section 9, it talks about authorized, issued, or approved by a State agency. And so if you give the misimpression as to any one of those things, then it's a per se violation of the statute. It's your position, it's the position of the government of the United States, that the Attorney General of Ohio is in violation of this law. No, that the special counsel are in violation of the law. No, but he's approved it. He has sanctioned a violation of the law, but I don't think that's the case. But under your position, the Attorney General of the State of Ohio is in violation of the law. That's the position of the United States that you're arguing in this Court. No, sir. May I answer? Sure. Our view is that the Attorney General has authorized the special counsel to do something that is a violation of the law. But he has not himself he's not subject to the law, so he has not himself violated the law. Well, the next time you come here in a criminal or civil case and someone has authorized something, I'll remind you of your answer. Thank you, counsel. Mr. Murphy, you have 4 minutes remaining. Thank you, Mr. Chief Justice. Just a few points. First, going to Justice Kagan's question, I really think they are turning a virtue into a vice here. They're flipping the act on its head. If you look at the tax statute that requires the AG to give this letterhead to special counsel for tax debts, the very next provision, the very next provision of that Act, which was known as the Taxpayer Bill of Rights, the very next provision of that Act requires the AG to appoint problem resolution officers to handle complaints by debtors about special counsel or the employee assigned to the case. Sotomayor, who does they know who to call? Precisely because the AG's letterhead. Does the Act say that the special debt collector has to give them the AG's problem solving letterhead? No, but I think that was the point of the law, was to put the letterhead so they know to call the office, and then we have the regular customer service hotline that they can call, and they'll get it right. But that's quite interesting, because the only number that's in these letters is the number of the debt collector. Well, that's right. But by putting the letterhead on the contract. Is there any obligation in the contract for the debt collector when he receives a customer complaint to give them the number of the AG's customer? There's not an obligation in the contract, but there certainly is an obligation in the contract for them to report that complaint to the AG. And I think that the AG has interpreted these problem resolution officers more broadly to allow it to handle all sorts of complaints. But I think the reputational idea is also significant, because when the AG authorizes these individuals to use his letterhead, that's a powerful incentive on the AG to or the AG's office. It also uses the word issued, and so what about issued? Well, I think that just look at the we're the only party that has actually cited the dictionary definition of issue, and the dictionary definition of issue is to distribute in their official capacity. So when special counsel send these letters, they are distributed in their official capacity as special counsel to the attorney general, not as private lawyers with their private law firms. I think that's an easy interpretation of issue that would authorize this. Kagan. Kagan. I think to the second question, we've already decided that these people are not officers. They're independent contractors. They might be agents in a casual sense of the word. But they're not officers. That's absolutely correct. Our first level answer would be that they are, should be. Right. But if we assume that they're not officers, then I think Justice Breyer's question holds. What does it mean for that person to issue something as opposed to the Ohio? I do think that you – I do think that they're distributed in their official capacity as special counsel, whether they're independent contractors, officers, or employees. I think that's a separate question. And then I think it goes to the clear statement rule with respect to Justice Kennedy's comment. I think it's just a fundamental breach of etiquette or of Federalism to suggest that private parties are the ones who get to decide who gets to use an attorney general's letterhead. I think that question should be with the attorney general. Sotomayor, that's fine, but as far as I see it, isn't there one of these two cases where someone who wasn't the special counsel signed the letter? That's absolutely true, but they've waived that argument because their theory of the case is that it's just the letterhead that's misleading. And I can get into the facts of that issue. That issue was this person got a call from the person, from the plaintiff. The plaintiff asked for her balance. She sent the balance on the letter. It says, per your request, here is your balance. And then the plaintiff turned around and sued the individual after they requested for the letter. So I think they've largely abandoned that idea that the letterhead was misleading. Thank you, Your Honor. Roberts. Thank you, counsel. The case is submitted.